No. 23-35561

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

BALMUCCINO, LLC,

*Plaintiff-Appellant*,

v.

STARBUCKS CORPORATION,

*Defendant-Appellee.*

---

*On Appeal from the United States District Court for the Western District of Washington, No. 2:22-cv-01501-JHC, The Honorable John H. Chun*

---

BRIEF OF APPELLEE

---

K&L GATES LLP
Pallavi Mehta Wahi, WSBA No. 32799
Christopher M. Wyant, WSBA No. 35561
Shelby R. Stoner, WSBA No. 52837
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: 206-623-7580
Fax: 206-623-7022
pallavi.wahi@klgates.com
chris.wyant@klgates.com
shelby.stoner@klgates.com

*Attorneys for Appellee Starbucks Corporation*

## CORPORATE DISCLOSURE STATEMENT

Starbucks Corporation is publicly traded. It has no parent corporation, and no publicly traded corporation owns 10% or more of its stock.

# **TABLE OF CONTENTS**

**Page**

I.     STATEMENT OF JURISDICTION .................................................... 1

II.    ISSUES PRESENTED FOR REVIEW ............................................. 1

III.   STATEMENT OF THE CASE ........................................................ 2

    A.    Balmuccino's Factual Allegations ................................. 2

    B.    Procedural History ...................................................... 4

        *1.*    *The California litigation* .................................... 4

        *2.*    *Proceedings in the Western District of Washington* ........ 6

IV.    STANDARD OF REVIEW .................................................... 8

V.     SUMMARY OF ARGUMENT ........................................... 9

VI.    ARGUMENT ............................................................... 10

    A.    The district court did not err in applying Washington law. ...... 10

        **1.**    Balmuccino did not establish that California has a more significant relationship with its contract claims. ............ 12

        **2.**    Balmuccino did not establish that California has a more significant relationship with its non-contract claims ...... 17

        **3.**    The Court should reject Balmuccino's attempt to relitigate factual issues decided by California courts. .... 21

    B.    Balmuccino's claims are time-barred under Washington law. . 24

    C.    Balmuccino's claims would be time-barred under California law. ........................................................................ 26

    D.    The district court did not abuse its discretion in dismissing the FAC without leave to amend. .................................. 28

VII.   CONCLUSION ................................................................. 30

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                              **Page(s)**

*Addison v. California*,
578 P.2d 941 (Cal. 1978) .............................................................. 11, 26

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................ 8

*Bader v. Avon Prods., Inc.*,
269 Cal. Rptr. 3d 318 (Cal. Ct. App. 2020) ..................................... 22

*Baffin Land Corp. v. Monticello Motor Inn, Inc.*,
425 P.2d 623 (Wash. 1967) ............................................................... 16

*Bakalian v. Cent. Bank of Republic of Turkey*,
932 F.3d 1229 (9th Cir. 2019) ........................................................... 8

*Balmuccino, LLC v. Starbucks Corp.*,
No. B38344, 2022 WL 3643062 (Cal. Ct. App. Aug. 24, 2022) ............... *passim*

*Benyaminov v. City of Bellevue*,
183 P.3d 1127 (Wash. Ct. App. 2008) ............................................... 25

*Canron, Inc. v. Fed. Ins. Co.*,
918 P.2d 937 (Wash. Ct. App. 1996) ............................................... *passim*

*Carvalho v. Equifax Info Servs., LLC*,
629 F.3d 876 (9th Cir. 2010) ........................................................... 28

*Cooper v. Tokyo Elec. Power Co. Holdings, Inc.*,
960 F.3d 549 (9th Cir. 2020) ........................................................... 11

*Coto Settlement v. Eisenberg*,
593 F.3d 1031 (9th Cir. 2010) ........................................................... 8

*Dailey v. N. Coast Life Ins. Co.*,
919 P.2d 589 (Wash. 1996) ............................................................... 19

*Edifecs Inc. v. TIBCO Software Inc.*,
    756 F. Supp. 2d 1313 (W.D. Wash. 2010) ...................................17, 18

*Fowler v. Guerin*,
    515 P.3d 502 (Wash. 2022) .................................................................25

*Jablon v. Dean Witter & Co.*,
    614 F.2d 677 (9th Cir. 1980) .................................................................8

*Johnson v. Spider Staging Corp.*,
    555 P.2d 997 (Wash. 1976) ....................................................17, 18, 19

*Knapke v. PeopleConnect, Inc.*,
    38 F.4th 824 (9th Cir. 2022) ...............................................................10

*McGreevy v. PHH Mortg. Corp.*,
    897 F.3d 1037 (9th Cir. 2018) ..............................................................2

*Millay v. Cam*,
    955 P.2d 791 (Wash. 1998) .................................................................11

*Potlatch No. 1 Fed. Credit Union v. Kennedy*,
    459 P.2d 32 (Wash. 1969) ...................................................................19

*Reddy v. Litton Indus., Inc.*,
    912 F.2d 291 (9th Cir. 1990) ...............................................8, 28, 29

*Ridgeway v. Walmart Inc.*,
    946 F.3d 1066 (9th Cir. 2020) ............................................................25

*Rodriguez v. City of San Jose*,
    930 F.3d 1123 (9th Cir. 2019) ......................................................22, 23

*Saint Francis Mem. Hosp. v. Cal. Dep't of Pub. Health*,
    273 Cal. Rptr. 3d 810 (Cal. Ct. App. 2021)........................................27

*Shanghai Com. Bank Ltd. v. Kung Da Chang*,
    404 P.3d 62 (Wash. 2017) ...................................................................10

*Shaw v. Cal. Dep't of Alcoholic Bev. Control*,
    788 F.2d 600 (9th Cir. 1986) ...............................................................26

*Spirit of Aloha Temple v. County of Maui,*
    49 F.4th 1180 (9th Cir. 2022) ...................................................................22

*Estate of Strickland v. Nevada County,*
    69 F.4th 614 (9th Cir. 2023) .....................................................................28

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
    551 U.S. 308 (2007) ....................................................................................5

*Tilden-Coil Constructors, Inc. v. Landmark Am. Ins. Co.,*
    721 F. Supp. 2d 1007 (W.D. Wash. 2010) ..............................................14

*West Corp. v. Superior Court,*
    11 Cal. Rptr. 3d 145 (Cal. Ct. App. 2004)..............................................20

**Statutes**

18 U.S.C. § 1836 ..............................................................................10, 24

28 U.S.C. § 1291 ........................................................................................1

28 U.S.C. § 1332 ........................................................................................1

Cal. Civ. Code § 3426.6 ..........................................................................24

RCW 4.16.080 ..........................................................................................24

RCW 4.16.170................................................................................24, 25

RCW 4.16.180–4.16.230 ..........................................................................24

RCW 19.108.060......................................................................................24

**Other Authorities**

Restatement (Second) Conflict of Laws (1971) ......................................19

Fed. R. Civ. P. 12 ...................................................................................5, 8

## I.      STATEMENT OF JURISDICTION

Balmuccino, LLC ("Balmuccino") sued Starbucks Corporation ("Starbucks") in the U.S. District Court for the Western District of Washington. The district court had jurisdiction over Balmuccino's claims under 28 U.S.C. § 1332(a).[1] After the district court entered final judgment on July 26, 2023, Balmuccino timely appealed. This Court has jurisdiction under 28 U.S.C. § 1291.

## II.     ISSUES PRESENTED FOR REVIEW

1.      Was the district court correct in ruling that Washington law applies to Balmuccino's claims?

2.      Was the district court correct in ruling that, under Washington law, Balmuccino's claims are time-barred?

3.      Did the district court act within its discretion in dismissing Balmuccino's claims without leave to amend?

---

[1] Balmuccino's opening brief erroneously states the district court's jurisdiction was based on 28 U.S.C. § 1332(d)(2) (governing original jurisdiction for class actions).

- 1 -

## III.    STATEMENT OF THE CASE

### A.    Balmuccino's Factual Allegations[2]

According to the First Amended Complaint ("FAC"), Balmuccino was "at all times relevant to [the FAC]," "a California limited liability company doing business in Los Angeles, California." ER-162. Starbucks is "a Washington corporation doing business in California." *Id.*

In approximately 2016, Balmuccino began developing a line of coffee-flavored lip balms. ER-163. One of Balmuccino's managing members is Samantha Lemole, sister-in law to Mehmet Cengiz Öz, professionally known as "Dr. Öz." *Id.* In 2017, Ms. Lemole informed Dr. Öz that Balmuccino was searching for a partner to manufacture and sell its coffee-flavored lip-balm product. *Id.* Dr. Öz contacted Howard Schultz, the then-CEO of Starbucks, regarding the Balmuccino product. *Id.* Mr. Schultz instructed Dr. Öz to have Ms. Lemole reach out directly to the then-Head of Product Development and Senior Vice President of Starbucks, Mesh Gelman. *Id.*

---

[2]Although Starbucks denies many of Balmuccino's allegations, it assumes them as true for purposes of this brief. *See McGreevy v. PHH Mortg. Corp.*, 897 F.3d 1037, 1040 n.3 (9th Cir. 2018).

On or about October 19, 2017, Ms. Lemole and other Balmuccino representatives met with Mr. Gelman and his assistant at the New York corporate offices of Starbucks for a pitch meeting. *Id.* During this meeting, Balmuccino presented a pitch deck along with prototypes of Balmuccino's product, "designed specifically for [Starbucks]." *Id.* Balmuccino asked Mr. Gelman to sign a non-disclosure agreement, but Mr. Gelman "deflected," stating the meeting was "completely confidential" and the relationship between Mr. Schultz and Dr. Öz "should provide the necessary comfort and protections [Balmuccino] was seeking" in the non-disclosure agreement. ER-163–64. The pitch meeting lasted "over an hour." ER-164. At the end of the meeting, Mr. Gelman asked to "hold on" to the pitch deck so he could run the idea "up the flagpole." *Id*.

Two weeks later, Mr. Gelman emailed Ms. Lemole to inform her he was leaving Starbucks. *Id.* He did not discuss the status of the Balmuccino product pitch in his email. *Id.* The FAC does not allege Balmuccino and Starbucks had any further discussions about the product pitch. *See* ER-163–65.

At some point in 2018, Balmuccino learned that Starbucks had reached out to one of Balmuccino's suppliers to inquire about prototypes for Starbucks-branded, coffee-flavored lip balms. ER-164. Balmuccino was "informed that the specifications received by the potential manufacturers for these prototypes were

identical to those [Balmuccino] had given to Mr. Gelman during the October 19, 2017 meeting." *Id.*

In April 2019, Starbucks announced the launch of the S'mores Frappuccino Sip Kit ("Sip Kit"), a promotional item created to celebrate the return of the Starbucks S'mores Frappuccino. *Id.* The Sip Kit included four S'mores-flavored lip glosses. *Id.* This "promotion reached California where nearly ten percent of Starbucks's retail stores are sited and where the Balmuccino team resided and operated." ER-165. The FAC does not allege that the Sip Kit was created, developed, fabricated, launched, or even distributed in California. *See* ER-163–65.

According to Balmuccino, Starbucks "effectively stole" Balmuccino's lip-balm product when it "began the manufacturing and promotion of [the Sip Kit] to help drive sales, but without compensating" Balmuccino. ER-165. Balmuccino alleges that it has been injured by this conduct. *Id.*

## B. Procedural History

### 1. The California litigation

On October 18, 2019, Balmuccino brought contract claims, a breach-of-confidence-claim, and trade secret misappropriation claims against Starbucks in California state court. ER-165. On December 10, 2019, Starbucks moved to quash

service of the summons for lack of personal jurisdiction. ER-5.[3]

In support of its motion to quash, Starbucks submitted evidence related to the development of the Sip Kit at the center of Balmuccino's claims. ER-24–27. This evidence showed that Starbucks has been headquartered in Seattle, Washington, since its founding in 1997. ER-24. Product development, marketing, finance, and other departments are all located at the company's Seattle headquarters. *Id.*

The evidence also showed that Starbucks developed the Sip Kit as a promotional product offered as a prize to winners of a social media contest. ER-26. The Sip Kit concept was developed by the Starbucks marketing team located in Seattle. *Id.* The concept was not based on any information allegedly provided by Balmuccino to Starbucks (as the Starbucks marketing manager responsible for the promotion was not even aware of Balmuccino or the alleged meeting in New York). *Id.* The contest lasted four days (from April 30, 2019, to May 3, 2019), and only ten contest winners received a prize package: the Sip Kit, other merchandise, and a

---

[3] This procedural history, referenced in Balmuccino's FAC, ER-193–94, is subject to judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss," such as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

Starbucks gift card. *Id.* None of the ten winners was located in California. ER-27. Starbucks never sold the Sip Kit, either in California or anywhere else. ER-26.

On July 17, 2020, the California trial court dismissed Balmuccino's lawsuit for lack of personal jurisdiction. ER-165. Balmuccino appealed. ER-166. Two years later, on August 24, 2022, the California Court of Appeal affirmed the trial court's dismissal, concluding that the "Sip Kit lip glosses, as well as the entire promotional campaign, were created, developed, and launched in Washington, not California." *Balmuccino, LLC v. Starbucks Corp.*, No. B38344, 2022 WL 3643062, at *5 (Cal. Ct. App. Aug. 24, 2022). The Court of Appeal issued its remittitur on October 26, 2022. ER-166.

### 2. Proceedings in the Western District of Washington

More than two years after the California trial court concluded it lacked personal jurisdiction over Starbucks, and two months after the California appellate court affirmed that decision, on October 21, 2022, Balmuccino initiated this action against Starbucks in the U.S. District Court for the Western District of Washington. ER-220. By that time, the statute of limitations applicable to Balmuccino's claims had expired. ER-207–08. Moreover, Balmuccino had allowed its LLC status to become "inactive." *Id*. Although Starbucks notified Balmuccino, beginning in November 2022, that its inactive LLC status deprived it of the capacity to sue,

Balmuccino failed to resolve its inactive LLC status for several more months. ER-143. On January 20, 2023, Starbucks filed a motion to dismiss, arguing that Balmuccino lacked capacity to sue and that Balmuccino's claims were time-barred. ER-205. Starbucks also argued that Washington law applies. ER-208–11.

Balmuccino never responded to the initial motion to dismiss. Instead, Balmuccino filed an amended complaint without leave from the court and did so one court day after the deadline to amend the complaint as a matter of right had passed. ER-188–89. On February 21, 2023, the district court granted the motion to dismiss Balmuccino's complaint and struck Balmuccino's untimely amended complaint. *Id.* The district court nevertheless permitted Balmuccino to move for leave to file an amended complaint because the amended complaint was only one day late. *Id.* Balmuccino then moved, unopposed, for leave to file the FAC, and the district court granted its motion. ER-174.

After Balmuccino filed the FAC, ER-162, Starbucks again moved to dismiss Balmuccino's claims as time-barred. ER-140. On July 26, 2023, the district court granted the motion to dismiss, dismissed the FAC with prejudice, and entered final judgment. ER-79–80. This appeal followed.

## IV.   STANDARD OF REVIEW

This Court reviews *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6). *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In deciding whether to grant a motion to dismiss claims as time-barred, the court "determine[s] whether the running of the statute is apparent on the face of the complaint." *Bakalian v. Cent. Bank of Republic of Turkey*, 932 F.3d 1229, 1233 (9th Cir. 2019) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). When a motion to dismiss is based on untimeliness, it may be granted "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (affirming district court's finding that the statute of limitations barred the plaintiff's action).

The district court's dismissal of claims with prejudice, without leave to amend, is reviewed for abuse of discretion. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

## V.    SUMMARY OF ARGUMENT

This is the second lawsuit brought by Balmuccino asserting that Starbucks misappropriated Balmuccino's trade secrets and breached oral and implied contracts. The first lawsuit, brought in California, was litigated over nearly three years, culminating in a decision by the California Court of Appeal affirming the trial court's dismissal for lack of personal jurisdiction over Starbucks.

After this appellate decision, Balmuccino filed a second, nearly identical lawsuit in federal court in Washington. Balmuccino filed its second action several months after the three-year statute of limitations had expired. The district court, after concluding that Balmuccino failed to show that it was entitled to statutory or equitable tolling under Washington law, dismissed all of Balmuccino's claims as time-barred.

On appeal, Balmuccino argues that its second lawsuit was timely because California law, not Washington law, applies to its claims and that it is entitled to equitable tolling under California law. Balmuccino also seeks to relitigate the facts found by the California courts—factual findings that resulted in a final judgment, affirmed on appeal.

Balmuccino's arguments are wholly lacking in merit. Not only are many of them barred under the doctrine of issue preclusion, but in addition, Balmuccino

cannot establish that California bears the most significant relationship to this case. On the face of the pleadings, Washington has a more significant relationship with this case than does California. Although Balmuccino asked to amend its complaint for a second time, the district court properly denied that request as futile. If Washington law applies, Balmuccino effectively concedes that it is not entitled to statutory or equitable tolling and that its claims are time-barred.

The district court's order and final judgment should be affirmed.

## VI.    ARGUMENT

### A.    The district court did not err in applying Washington law.

The district court properly applied Washington law in this case because Balmuccino failed to demonstrate that California has the most significant relationship to its claims. *See* ER-85.

"District courts sitting in diversity apply the choice-of-law rules of the forum state." *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 832 (9th Cir. 2022).[4] Under Washington law, unless there is an actual conflict between Washington law and the law of another state, Washington law presumptively applies. *See Shanghai Com.*

---

[4] Although Balmuccino later amended its complaint to assert a claim under 18 U.S.C. § 1836, *see* ER-172, Balmuccino brought suit based solely on diversity jurisdiction, and it does not now challenge the district court's view of its jurisdiction as grounded in diversity. *See* Blue Br. at 4, 14.

*Bank Ltd. v. Kung Da Chang*, 404 P.3d 62, 65 (Wash. 2017) ("Where laws or interests of concerned states do not conflict, the situation presents a false conflict and the presumptive local law is applied.") (cleaned up). If an actual conflict of law exists, Washington applies the "'most significant relationship test" articulated in the Restatement (Second) Conflict of Laws (1971) ("Restatement"). *Canron, Inc. v. Fed. Ins. Co.*, 918 P.2d 937, 944 (Wash. Ct. App. 1996). If the proper choice of law is clear from the pleadings, it may be determined in response to a motion to dismiss. *See Cooper v. Tokyo Elec. Power Co. Holdings, Inc.*, 960 F.3d 549, 558–59 (9th Cir. 2020).

Here, the district court assumed that Balmuccino had met its burden to establish that an "actual conflict" of law exists between Washington's and California's equitable tolling doctrines. ER-88. The district court noted that "Washington's test . . . contains an additional element—a 'bad actor' requirement— which is not included in California's test for equitable tolling." *Id.*; *compare Millay v. Cam*, 955 P.2d 791, 797 (Wash. 1998) (summarizing Washington's four-part test), *with Addison v. California*, 578 P.2d 941, 943–44 (Cal. 1978) (summarizing California's three-part test). According to the district court, Washington's additional "bad actor" requirement, which is "sometimes case-

- 11 -

dispositive," might create a conflict of law between the states' equitable tolling doctrines. ER-88.

Like the district court, Starbucks assumes (for purposes of this appeal) that an actual conflict exists between the two states' equitable tolling doctrines based on Washington's additional "bad actor" requirement. Even so, Balmuccino did not meet its burden to show that California bears the "most significant relationship" to its claims.

### 1. *Balmuccino did not establish that California has a more significant relationship with its contract claims.*

As the district court concluded, Balmuccino failed to show that California has the most significant relationship to its contract claims. ER-89. Based on the theory that Starbucks should have compensated Balmuccino for giving away the Sip Kit prize to ten Starbucks customers, Balmuccino asserted two contract claims: an "implied-in-fact" contract and an "oral contract." ER-166–68.

In applying the most-significant-relationship test to contract claims, Washington courts consider (1) the place of contracting; (2) the place of negotiation; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the residence, place of incorporation, and place of business of the parties. *See Canron*, 918 P.2d at 944 (citing Restatement § 188(2)).

- 12 -

The district court noted that the first two elements of the test (the place of contracting and negotiation) "do not help decide whether Washington or California law applies" because the sole "pitch meeting" between the parties occurred in New York. ER-89; *see* ER-163. The court also considered the fifth element (the parties' corporate residences) to be "a draw": Starbucks is a Washington corporation, and Balmuccino is registered in California. ER-89; *see* ER-162.

With respect to the third and fourth elements (the place of performance and the contract's subject matter), the district court concluded that "Washington, not California, has the more significant relationship to this case." ER-89. The district court reasoned: "Because the contract concerned the sale of [the Sip Kit] by Starbucks, both the place of performance and the location of the contract's subject matter relate more to Washington." *Id.*

Although the district court acknowledged Balmuccino's allegation that Starbucks has a "sizeable retail presence in California," it concluded that "this fact does not tie the place of performance or location of the contract's subject matter to California more than any other state in which Starbucks has significant operations." ER-90. The district court also found persuasive the California courts' determinations that contacts by Starbucks with California did not "involve[] the subject of this

- 13 -

lawsuit" and that "there [was] no forum-related activity or occurrence by Starbucks that took place in California." *Id.*[5]

The district court's analysis is consistent with Washington precedent, which holds that Washington law presumptively applies when the contract at issue involved negotiations, performance, or a subject matter in multiple states or venues. For example, in *Canron*, the Washington appellate court rejected a party's request to apply Quebec law, which was the "place of negotiating and entering the contract," and instead applied Washington law. *Canron*, 918 P.2d at 944–45 (noting "[t]he ministerial acts of negotiating and executing the contracts do not amount to significant contacts"). According to the *Canron* court, "Quebec [had] no significant relationship to the issues in [that] case" because both the performance of the contract and the location of its subject matter were based in British Columbia, not Quebec. *Id.* at 944. But because "neither party [had] argue[d] that British Columbia law applie[d]," the *Canron* court "*presumed* that British Columbia is the same as Washington law"; it further noted that "Washington's contacts with the issues in [that] case [were] significant." *Id.* at 944–45 (emphasis added); *see also Tilden-Coil*

---

[5] To the extent that Balmuccino attempts to relitigate factual or legal issues decided by the California courts, *see Balmuccino*, 2022 WL 3643062, at *5, Balmuccino is precluded from doing so. *See* Section VI.A.3 below.

- 14 -

*Constructors, Inc. v. Landmark Am. Ins. Co.*, 721 F. Supp. 2d 1007, 1015 (W.D. Wash. 2010) (rejecting party's request to apply California law and instead applying Washington law, concluding that three of five elements "support[ed] applying Washington law" to a contract between a Washington corporation and a corporation domiciled in states other than California).

Balmuccino argues that the district court erred by failing to consider the states in which (1) one of Balmuccino's supplier contacts was located (an unknown state) and (2) Balmuccino's lip balm prototype was conceptualized, created, and developed (California). Blue Br. at 24–25. With respect to the location of Balmuccino's potential supplier, the FAC does *not* allege that the supplier was located "outside of Washington," as Balmuccino now argues on appeal. *Compare* ER-164 *with* Blue Br. at 23. Although Balmuccino apparently knows where its supplier contact is located, *see* Blue Br. at 23 n.18, it does not explain why it failed to plead that fact in the FAC. Regardless, Balmuccino does not argue that the laws of some state other than California should apply to this case, so it is of no import where Balmuccino's potential supplier is located. *See Canron*, 918 P.2d at 944 (presumptively applying Washington law when neither party argues that the laws of the jurisdiction with the "most significant relationship" to the contract applies).

- 15 -

The district court necessarily considered the fact that Balmuccino developed its prototypes in California because that is where the company is registered and located. *See* ER-89. But Balmuccino fails to connect the location of its prototype development (California) to the purported oral or implied contract between Starbucks and Balmuccino. The FAC alleges that Starbucks could develop and release the Sip Kit, so long as Starbucks secured Balmuccino's "consent," gave it "credit," and "compensat[ed]" it. ER-166–68. Based on these allegations, both the performance under the contract and the location of the contract's subject matter— i.e., creating, developing, and launching the Sip Kit and then crediting and compensating Balmuccino for it—would have been carried out at Starbucks headquarters in Washington, not in California.

Even if Balmuccino could point to one or more contacts between California and the parties' alleged contract, courts must "consider which contacts are *most significant* and . . . determine where those contacts are found." *Baffin Land Corp. v. Monticello Motor Inn, Inc.*, 425 P.2d 623, 628 (Wash. 1967) (emphasis added).

The district court did not err in concluding that Washington law has the most significant relationship with Balmuccino's contract claims.

**2.** ***Balmuccino did not establish that California has a more significant relationship with its non-contract claims.***

Balmuccino asserts four non-contract claims against Starbucks: a common law breach-of-confidence claim and three claims for misappropriation of trade secrets under California, Washington, and federal statutes. ER-168–72. The district court concluded that Balmuccino failed to meet its burden to show California had a more significant relationship with these claims. ER-90. This conclusion is absolutely correct.

In applying the most-significant-relationship test to non-contract claims sounding in tort, Washington courts consider (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. *Johnson v. Spider Staging Corp.*, 555 P.2d 997, 1000–01 (Wash. 1976) (quoting Restatement § 145); *see, e.g.*, *Edifecs Inc. v. TIBCO Software Inc.*, 756 F. Supp. 2d 1313, 1317–18 (W.D. Wash. 2010) (applying § 145 to a "tort-based trade secret misappropriation claim").

The district court concluded that the third and fourth elements (the parties' respective domiciles and place where their relationship is centered) "provide little

- 17 -

help here" because Starbucks is a Washington corporation and Balmuccino is registered in California—meaning the parties' relationship "does not appear to be centered in any one location." ER-90–91.

The district court then concluded that, in considering the first and second elements (the locations where the injuries and conduct causing the injuries occurred), Washington, not California, has the more significant relationship to Balmuccino's non-contract claims. ER-91. The district court reasoned: "Because this action centers on Starbucks' alleged misconduct, [the court] views the 'place where the conduct causing the injury occurred' to be a more significant contact than 'the place where the injury occurred.'" ER-91. The district court also cited the California appellate court's determination, based on the "uncontroverted evidence" presented in that case, that "the Sip Kit lip glosses, as well as the entire promotional campaign, were created, developed and launched in Washington, not California." *Id.* (quoting *Balmuccino*, 2022 WL 3643062, at *5).

Balmuccino challenges this conclusion on the ground that the district court relied on distinguishable case law. Blue Br. at 27–33. But Washington authority routinely applies Washington law to alleged tortious acts by Washington corporations, even where the plaintiffs were purportedly injured other states. *See, e.g.*, *Johnson*, 555 P.2d at 1001–02 (applying Washington law even though plaintiff

- 18 -

was a Kansas citizen and suffered injury in Kansas, where defendant was incorporated in Washington and manufactured the defective product in Washington); *see also* Restatement § 145 cmt. e (providing that "when the place of injury can be said to be fortuitous . . . as in the case of fraud and misrepresentation, there may be little reason in logic or persuasiveness to say that one state rather than another is the place of injury").

Furthermore, Balmuccino simply ignores "the interests and public policies of" Washington and "the manner and extent of such policies as they relate to the transaction in issue." *Potlatch No. 1 Fed. Credit Union v. Kennedy*, 459 P.2d 32, 35 (Wash. 1969). Washington courts recognize that the state has interests in limiting damages to "protect defendants from excessive financial burdens" and to "eliminate speculative claims." *Johnson*, 555 P.2d at 1002 (concluding that, because "Washington has a legitimate interest in the application of its law," "Washington law [was] the appropriate choice of law"). Here, too, Washington has a legitimate interest in protecting a Washington corporation from speculative (and stale) claims brought by Balmuccino and from punitive damage awards, which Washington does not recognize. *Compare* ER-169, 171–73 (Balmuccino requesting punitive damages) *with Dailey v. N. Coast Life Ins. Co.*, 919 P.2d 589, 590 (Wash. 1996)

(punitive damages are contrary to Washington's public policy and generally not recoverable).

Although Balmuccino cites California's interest "in preserving a business climate free of . . . deceptive practices," Blue Br. at 29, Balmuccino appears to conflate California's personal jurisdiction analysis with Washington's choice-of-law analysis. Balmuccino relies exclusively on *West Corp. v. Superior Court*, 11 Cal. Rptr. 3d 145 (Cal. Ct. App. 2004), in which a California appellate court affirmed the denial of defendants' motion to quash service for lack of personal jurisdiction. *See id.* at 149, 158. That case, of course, did not address Washington's choice-of-law analysis. *See id.* Regardless, in *this* case, the California appellate court reached a very different conclusion—namely, that the court lacked personal jurisdiction over Starbucks despite California's alleged policy preferences. *See Balmuccino*, 2022 WL 3643062, at *5.

In arguing that California law has the most significant relationship with its non-contract claims, Balmuccino also relies on new "facts" that were not pleaded in the FAC. This includes, for example, an allegation that the Sip Kit was "produced in another unnamed state which Starbucks later tried to monetize in retail outlets in California." Blue Br. at 28–29. Balmuccino also alleges (without pleading in the FAC) that "distribution [by Starbucks] . . . occurs in Nevada, Pennsylvania and

Tennessee, as well as Washington state." *Id.* at 31.[6] Even if Balmuccino had pleaded these facts, they contradict the California appellate court's determination, based on the "uncontroverted evidence before [it]," that "the Sip Kit product and its 'promotional campaign' was created, developed, and launched in Washington, not California." *Balmuccino*, 2022 WL 3643062, at *5. That court further found that "[n]o Sip Kit lip glosses were awarded to anyone in California, and none was sold in California." *Id.* As explained below, Balmuccino may not relitigate those factual issues or any other issues decided by the California courts.

The district court was correct to conclude that Washington law applies to Balmuccino's non-contract claims.

### 3. The Court should reject Balmuccino's attempt to relitigate factual issues decided by California courts.

In challenging the district court's choice-of-law analysis, Balmuccino launches a collateral attack on the California courts' factual findings and legal conclusions, which resulted in a final judgment against it. Balmuccino asserts that the California appellate court's determination—namely, that the Sip Kit was

---

[6] Balmuccino does not explain how other states' general contacts with Starbucks demonstrate that *California* has the most significant relationship with its claims. *See Canron*, 918 P.2d at 945 (presumptively applying Washington law where the parties failed to argue that another jurisdiction's laws, which had a more significant relationship to the case, applied).

"created, developed, and launched in Washington, not California," *Balmuccino*, 2022 WL 3643062, at *5—either conflicts with the evidence presented to the trial court or is "misleading at best."[7] Blue Br. at 32, 45–46. Balmuccino also discounts the California appellate court's decision as "unpublished" and "noncitable." *Id.* at 16 n.12, 32, 47.

But Balmuccino is precluded from relitigating facts found by the California courts. Issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Rodriguez v. City of San Jose*, 930 F.3d 1123, 1130 (9th Cir. 2019) (citation omitted). Under California law,[8] issue preclusion applies if the following factors are satisfied: (1) the issue sought to

---

[7] Balmuccino faults the California courts for misinterpreting the evidence that Starbucks presented to the trial court. But it was Balmuccino's burden to present evidence that California had jurisdiction over its claims. *Bader v. Avon Prods., Inc.*, 269 Cal. Rptr. 3d 318, 323 (Cal. Ct. App. 2020) ("When a defendant moves to quash service for lack of personal jurisdiction, the plaintiff bears the burden of proving facts supporting the exercise of jurisdiction.") (citation omitted). If Balmuccino was aware of any evidence that the Sip Kit was *not* created, developed, or launched in Washington, it should have presented such evidence to the California trial court.

[8] "Federal courts must apply the collateral estoppel rules of the state that rendered the underlying judgment." *Spirit of Aloha Temple v. County of Maui*, 49 F.4th 1180, 1193 (9th Cir. 2022) (citation omitted).

- 22 -

be precluded from relitigation must be identical to that decided in a former proceeding; (2) the issue to be precluded must have been actually litigated and necessarily decided in the former proceeding; (3) the decision in the former proceeding must be final and on the merits; (4) the party against whom preclusion is sought must be the same as or in privity with the party to the former proceeding; and (5) application of issue preclusion must be consistent with public policy (e.g., promoting "integrity of the judicial system" and "judicial economy," and protecting "litigants from harassment by vexatious litigation"). *Id.* (citation omitted).

Here, the California appellate court's determination that the Sip Kit was "created, developed, and launched in Washington, not California," *Balmuccino*, 2022 WL 3643062, at *5, is identical to the factual issue Balmuccino now disputes. *See* Blue Br. at 45–46 (suggesting the Sip Kit product was *not* "fabricated," "manufactured," or "assembled for distribution" in Washington). Balmuccino also appears to challenge the California appellate court's determination that "No Sip Kit lip glosses were awarded to anyone in California, and none was sold in California." *Balmuccino*, 2022 WL 3643062, at *5; *see* Blue Br. at 28–29 (arguing Starbucks "later tried to monetize [the Sip Kit] in retail outlets in California").

The parties, which were the same parties to the California action, actually litigated these factual issues. *See Balmuccino*, 2022 WL 3643062, at *2. And the

California trial court necessarily decided these factual issues when it entered a final decision on the merits, having concluded that it lacked personal jurisdiction over Starbucks. *Id*. at *2, 5. Balmuccino then appealed, and the California appellate court affirmed the trial court's final decision. *Id.* at *5. Precluding Balmuccino from relitigating the facts found by the California trial court will protect the integrity of the judicial system and preserve judicial resources.

**B.  Balmuccino's claims are time-barred under Washington law.**

Balmuccino filed its claims in Washington in October 2022, more than six months after the three-year limitations period expired.[9] ER-92, 220; *see* RCW 4.16.080(2)–(3); RCW 19.108.060; Cal. Civ. Code § 3426.6; 18 U.S.C. § 1836(d). Balmuccino nowhere challenges the district court's conclusion that Balmuccino's claims are time-barred and not entitled to statutory or equitable tolling under Washington law. *See* Blue Br. at 12–13, 17–18, 35, 42.

In Washington, statutory tolling is available when a party can satisfy the requirements under RCW 4.16.170 and a ground listed under RCW 4.16.180–4.16.230. If a party cannot meet these statutory requirements, a court may apply

---

[9] Balmuccino alleges it learned of purported wrongdoing by Starbucks in April 2019, when Starbucks announced the Sip Kit prize. ER-192. Balmuccino was therefore required to file its Washington action by April 2022. ER-92 n.6.

- 24 -

equitable tolling when (1) "justice requires" it; (2) there is "bad faith, deception, or false assurances by the defendant"; (3) the plaintiff exercised diligence; and (4) it would be "consistent with both the purpose of the statute providing the cause of action and the purpose of the statute of limitations." *Fowler v. Guerin*, 515 P.3d 502, 506 (Wash. 2022) (citing *Millay*, 955 P.2d at 797). Courts "permit equitable tolling to occur only sparingly" and decline to "extend it to a 'garden variety claim of excusable neglect.'" *Benyaminov v. City of Bellevue*, 183 P.3d 1127 (Wash. Ct. App. 2008) (citation omitted).

On appeal, Balmuccino has abandoned the argument that its claims should have been tolled under RCW 4.16.170 (as it argued below). *See* ER-93–94, 123; *see also Ridgeway v. Walmart Inc.*, 946 F.3d 1066, 1076 (9th Cir. 2020) ("When an appellant fails to clearly and distinctly raise an argument in its opening brief, this court considers the argument abandoned.").

Balmuccino further admits that it cannot satisfy the "bad faith" element of Washington's equitable tolling doctrine. *See* Blue Br. 12–13, 17–18, 35, 42; *see also* ER-96, 125. Balmuccino did not plead that Starbucks engaged in "bad faith, deception, or false assurances" that would excuse Balmuccino's failure to file a timely complaint in Washington. More importantly, there is no evidence to support such an allegation.

Absent any grounds to apply statutory or equitable tolling under Washington law, this Court must affirm the district court's conclusion that Balmuccino's claims are time-barred.

## C.     Balmuccino's claims would be time-barred under California law.

Even if the Court were to conclude that the district court erred in declining to apply California law, Balmuccino's claims would still be time-barred under that state's tolling rules. *See Shaw v. Cal. Dep't of Alcoholic Bev. Control*, 788 F.2d 600, 603 (9th Cir. 1986) (this Court "may affirm . . . judgment on any basis supported by the record even if the district court did not rely on that basis").

In arguing that its claims would have been timely under California law, Balmuccino relies on California's equitable tolling doctrine. Blue Br. at 36–37. That doctrine provides that a plaintiff is entitled to relief when there is (1) timely notice of the plaintiff's claims, (2) lack of prejudice to the defendant, and (3) "reasonable and good faith conduct" on the part of the plaintiff. *Addison*, 578 P.2d at 943–44.

Although Starbucks has been on notice of Balmuccino's claims since October 2019, when Balmuccino initiated the action in California, more than six years have passed since Starbucks allegedly received Balmuccino's lip balm prototype in October 2017, and more than four years have passed since Starbucks allegedly misappropriated that product in April 2019. ER-192–93. Starbucks has expended

significant legal fees in the process. The district court, in declining to grant further leave to amend, properly found that "Starbucks has experienced prejudice based on Balmuccino's undue delays." ER-99.

Further, after the California trial court dismissed the action in July 2020, Balmuccino had nearly two years to refile the same claims in Washington (by April 2022), but it missed that deadline by at least six months. ER-193–94. Even after it filed the instant action, Balmuccino continued to miss deadlines—e.g., to cure standing issues (due to its inactive LLC status), to oppose a dispositive motion, and to amend its complaint. *See* ER-188, 207–08.

These repeated delays, whether due to a mistake about the filing deadlines or garden-variety neglect, demonstrate that Balmuccino's "actions were not objectively reasonable." *Saint Francis Mem. Hosp. v. Cal. Dep't of Pub. Health*, 273 Cal. Rptr. 3d 810, 981–82 (Cal. Ct. App. 2021).

Because Balmuccino failed to allege facts suggesting that it is entitled to relief under California's equitable tolling doctrine, the Court may affirm on the alternative ground that Balmuccino's claims would be untimely under California law as well.

- 27 -

**D.     The district court did not abuse its discretion in dismissing the FAC without leave to amend.**

The district court did not abuse its discretion when it denied Balmuccino's second request for leave to amend and dismissed its claims with prejudice.

"It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile." *Reddy*, 912 F.2d at 296. Nor does a district court abuse its discretion when there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, [and] undue prejudice to the opposing party." *Carvalho v. Equifax Info Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (citation omitted); *see also Estate of Strickland v. Nevada County*, 69 F.4th 614, 623 (9th Cir. 2023) (concluding that a district court has "'particularly broad' discretion to deny leave to amend when the plaintiff has already had a chance to amend").

The district court did not abuse its discretion in dismissing Balmuccino's FAC without further leave to amend. As noted above, Balmuccino is precluded from relitigating the factual issues of whether the Sip Kit was "created, developed, and launched in Washington" or whether any Sip Kits were "awarded" or "sold" to California residents. *Balmuccino*, 2022 WL 3643062, at *5. For this reason, any attempt to amend the FAC to show that California has the most significant

- 28 -

relationship (*see* Blue Br. at 45–46) by contradicting the California courts' factual findings would be futile. *Cf. Reddy*, 912 F.2d at 296 (concluding "[i]t would not be possible for [plaintiff] to amend his complaint . . . without contradicting any of the allegations in his original complaint").

Balmuccino also had many opportunities to cure the deficiencies in its initial complaint but failed to do so. Balmuccino became aware of the lack of connection between California and the facts giving rise to this case by July 2020, when the California trial court dismissed Balmuccino's initial action for lack of personal jurisdiction. ER-193. Balmuccino was also put on notice that its claims were time-barred under Washington law, which applies to this case, by no later than January 2023, when Starbucks moved to dismiss the initial complaint filed in this action. *See* ER-208–11, 214–16. Then, after Balmuccino failed to respond to the initial motion to dismiss and missed the deadline to amend its complaint, the district court granted its (unopposed) request to file an amended complaint. ER-188–89. Yet, despite those opportunities, Balmuccino failed to include in the FAC any additional facts that would support a conclusion that California bears the most significant relationship with this case and that its laws should apply. *See* ER-193–94.

Starbucks has spent more than four years defending actions in two different states, and it has expended significant legal fees in the process. The district court

properly found that "Starbucks has experienced prejudice based on Balmuccino's undue delays." ER-99.

The district court did not abuse its discretion in dismissing Balmuccino's claims with prejudice.

## VII.   CONCLUSION

The district court's order and final judgment should be affirmed.

DATED this 20th day of December, 2023.

Respectfully submitted,

K&L GATES LLP

By: */s/ Pallavi Mehta Wahi*
     Pallavi Mehta Wahi, WSBA No. 32799
     Christopher M. Wyant, WSBA No. 35561
     Shelby R. Stoner, WSBA No. 52837
     925 Fourth Avenue, Suite 2900
     Seattle, WA  98104-1158
     Tel: 206-623-7580
     Fax: 206-623-7022
     pallavi.wahi@klgates.com
     chris.wyant@klgates.com
     shelby.stoner@klgates.com

     925 Fourth Avenue, Suite 2900
     Seattle, WA 98104-1158
     Phone: (206) 623-7580

     *Attorneys for Appellee Starbucks Corporation*

- 30 -

**CERTIFICATE OF COMPLIANCE
PURSUANT TO FED. R. APP. P. 32
Appeal No. 23-35561**

Pursuant to Fed. R. App. P. 32 and 9th Cir. R. 32-1(a), I certify that the appellees' brief is proportionately spaced, has a typeface of 14 points or more, and contains 6,227 words.

December 20, 2023 _____    _s/ Pallavi Mehta Wahi_____
Date                                            Signature of Filing Party

- 31 -

**CERTIFICATE OF SERVICE**
**Appeal No. 23-35561**

I hereby certify that on December 20, 2023, I arranged for the foregoing document to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Signature:    s/ *Abigail Belscher*